Filed 1/22/26  P. v. Flores CA6
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>LESLIE JOSEPH FLORES,<br><br>　　Defendant and Appellant. | H052867, H052870<br>(Monterey County<br>Super. Ct. Nos. 22CR003669,<br>24CR007043, 24CR007411) |

Leslie Joseph Flores appeals from two judgments entered after conviction by plea.  Appointed counsel for Flores filed a brief asking this court to review the records to determine whether there are any arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Flores was advised in each appeal of the right to file a supplemental brief but has not responded. Finding no arguable error that would result in a disposition more favorable to Flores, we affirm.

# I. PROCEDURAL BACKGROUND[1]

In two appeals (case Nos. H052867 and H052870), Flores appeals from judgments entered in three superior court cases.  Pursuant to his request, this court ordered the appeals considered together for briefing, oral argument, and disposition.

A. *Case No. H052867*

In case No. H052867 (superior court case No. 24CR007411[2]), the district attorney charged Flores by information with possession of a short-barreled rifle or shotgun (Pen. Code,[3] § 33215; count 1), possession of an assault weapon (§ 30605, subd. (a); count 2), misdemeanor possession of a controlled substance (heroin) (Health & Saf. Code, § 11350, subd. (a); count 3), four counts of misdemeanor possession of an injection/ingestion device (Health & Saf. Code, § 11364, subd. (a); counts 4–6 & 8), misdemeanor mail theft (§ 530.5, subd. (e); count 7), and misdemeanor unauthorized entry of a dwelling house (§ 602.5, subd. (a); count 9).  As to counts 1 and 2, the information alleged that Flores committed each of these offenses while he was out of custody in case No. 22CR003669, having been released on bail or his own recognizance (§ 12022.1).  The information also alleged the aggravating factors that Flores's prior convictions were numerous and of

---

[1] As these appeals are from the sentence or other matters occurring after the plea (Cal. Rules of Court, rule 8.304(b)), we do not recount the facts underlying the offenses.  The trial court denied certificates of probable cause in all three cases.

[2] This case was originally filed as case No. 23CR009371 and was dismissed and refiled as case No. 24CR007411.

[3] All further unspecified statutory references are to the Penal Code.

increasing seriousness (Cal. Rules of Court,[4] rule 4.421(b)(2)), and the crimes were committed while Flores was on probation (rule 4.421(b)(4)).

On October 18, 2024, Flores entered an "open plea" by pleading no contest to all of the charges in the information, admitting the allegations, and stipulating to the aggravating factors set out in rules 4.421(b)(2) and 4.421(b)(4).[5]  The trial court did not indicate a sentence it intended to impose. When taking the plea, the court confirmed that Flores understood he was giving up his right to appeal.

B. *Case No. H052870*

Case No. H052870 encompasses two superior court cases: Nos. 22CR003669 and 24CR007043.

In case No. 22CR003669, the district attorney charged Flores by information with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)).  In case No. 24CR007043, the district attorney charged Flores by information[6] with failing to appear while released on bail for a felony on or about or between June 20, 2023, through September 19, 2023 (§ 1320.5; count 1); misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 2); failing to appear while released on bail for a felony on or about or between December 13, 2023, through December 31, 2023 (§ 1320.5; count 3); misdemeanor resisting a peace officer (§ 148, subd. (a)(1); count 4); failing to appear while on own recognizance release on or between February 14, 2024,

---

[4] Further unspecified rule references are to the California Rules of Court.

[5] Flores also entered a no contest plea in the cases at issue in case No. H052870.  The People agreed to move to dismiss five other misdemeanor matters at sentencing.

[6] Following preliminary hearing, the parties stipulated that the amended complaint would serve as the information.

through July 4, 2024 (§ 1320, subd. (b); count 5); willfully evading an officer (Veh. Code, § 2800.2, subd. (a); count 6); and three counts of misdemeanor resisting a peace officer (§ 148, subd. (a)(1); counts 7–9). As to counts 1, 3, 5, and 6, the information alleged that Flores committed each of these offenses while he was out of custody having been released on bail or his own recognizance in the following cases: case No. 22CR003669 (for the allegation attached to counts 1, 2, 5, and 6) and case No. 23CR009371[7] (for the allegation attached to counts 5 and 6) (§ 12022.1). The amended complaint also alleged that Flores's prior convictions were numerous and of increasing seriousness (rule 4.421(b)(2)) and the crimes were committed while Flores was on probation (rule 4.421(b)(4)).

Trial began in case No. 24CR007043[8] on October 14, 2024, and a jury was empaneled. The trial recessed for one week. On October 18, 2024, prior to the recommencement of trial, Flores entered an "open plea" by pleading no contest in case No. 24CR007043 to all of the charges, admitting the allegations, and stipulating to the aggravating factors. Also on October 14, 2024, in case No. 22CR003669 on motion of the People, the trial court amended the sole charge, a felony violation of section 245, subdivision (a)(4), to a misdemeanor. Following the amendment, Flores entered an "open plea" in case No. 22CR003669 by pleading no contest to the charge.

---

[7] This case was dismissed and refiled as case No. 24CR007411 (the case underlying No. H052867). At sentencing and without objection by Flores, the information was amended to add the 24CR007411 case number to the enhancement. Flores admitted the enhancement as amended.

[8] The trial in case No. 22CR003669 was apparently "trailing" the trial in case No. 24CR007043.

The trial court did not indicate a sentence it intended to impose in either case. When taking the pleas, the court confirmed that Flores understood he was giving up his right to appeal.

C. *Joint Sentencing Hearing*

The trial court conducted a joint sentencing hearing in all three cases on December 4, 2024. Prior to pronouncing sentence, the court noted that it had considered under section 1170, subdivision (b)(6) the possibility of the contribution of childhood trauma to the crimes. The court found the evidence of childhood trauma to be "very speculative" and that there was "no evidence that [childhood trauma] was a contributing factor in the commission of the offense."

The trial court further found that the proven aggravating factors outweighed the mitigating factors, such that imposing the lower term on any count would be contrary to the interest of justice. The court also considered the application of section 1385, subdivisions (a), (b), and (c) as to the charges and the enhancements. The court found it was not in the interest of justice to dismiss any charges or enhancements. The court found it was "possible" that section 1385, subdivision (c)(2)(E) (relating to childhood trauma) or subdivision (c)(2)(F) (relating to nonviolent felony) applied. The court reiterated its finding that the existence of childhood trauma was "speculative at best."

The trial court found in case No. 24CR007411 that "dismissing the enhancement would endanger public safety" if Flores were released two years sooner and therefore declined to dismiss the section 12022.1 enhancement. The court also found that if the offenses were served concurrently, such a sentence "would result in physical injury" and "serious danger" to others. The court stated that Flores's "extremely long series of crimes over the past

few years demonstrates a pattern of not following basic rules and laws to the extent that [Flores] is willing to endanger anyone who might be out in public or on the road in [Flores's] vicinity. It is only a matter of chance that [Flores] ha[s] not physically injured somebody else already" and "early release would result in physical injury or other serious danger to others."

1. Sentence in Case No. H052870

In case No. 24CR007043, the trial court committed Flores to prison and selected count 6 (§ 2800.2, subd. (a)) as the principal term. The court found no factors in mitigation and found that the admitted factors in aggravation "clearly outweigh[ed]" any factors in mitigation. The court imposed the upper term of three years on count 6. The court awarded 154 actual days of custody credits on this count and 154 days of good/time work time credits for a total of 308 days. On count 1 (§ 1320.5), the court imposed a term of 8 months (one-third of the middle term), to be served consecutively to count 6. As a consecutive sentence, the court awarded no days of custody credit on count 1. As for count 9 (misdemeanor § 148, subd. (a)(1)), the court characterized this offense as "as serious of a misdemeanor resisting arrest charge as this [c]ourt has ever seen. It involved an approximately seven hour standoff at the defendant's home, which ultimately resulted in the need for a chainsaw to cut the defendant out of a crawlspace underneath the floor of his home." The court imposed a sentence of 364 days, to be served consecutively to all other counts and enhancements. As a consecutive sentence, the court awarded no days of custody credit on count 9. On the section 12022.1 enhancement, the court imposed a sentence of two years, to be served consecutively to counts 6 and 1. The court also imposed the following sentences to be served concurrently with counts 6, 1, and 9: 180 days on count 2 (misdemeanor § 148, subd. (a)(1)); two years on count 3 (§ 1320.5); 180 days on count 4

6

(misdemeanor § 148, subd. (a)(1)); two years on count 5 (§ 1230, subd. (b)); 180 days on count 7 (misdemeanor § 148, subd. (a)(1)); and 180 days on count 8 (misdemeanor § 148, subd. (a)(1)).  The court imposed an aggregate prison term of five years 8 months, with an additional, consecutive term of 364 days (for count 9), to be served "in any penal institution."

The trial court imposed a restitution fine of $4,350 and an additional parole revocation fine of $4,350, suspended.  The court imposed a $360 court operations assessment and a $270 court facility assessment.

In case No. 22CR003669, the trial court imposed on count 1 a sentence of 364 days, to be served consecutively to all other cases and counts.  The court granted 32 actual days of custody credits with 32 days of good time/work time credits for 64 days total.  The court imposed a restitution fine of $150, a court operations assessment of $40, and a court facility assessment of $30.

### 2.  Sentence in Case No. H052867

On count 1 (§ 33215), the trial court imposed a "second subordinate term" of eight months (one-third of the middle term), to be served consecutively to the sentence imposed in case No. H052870.  The court awarded 29 days of actual custody credits and 28 days of good time/work time credits for a total of 57 days.  On count 2 (§ 30605), the court imposed a "second subordinate term" of eight months (one-third of the middle term) to be served consecutively to the sentence imposed in case No. H052870 and stayed that sentence pursuant to section 654.  The court also imposed the following sentences to be served concurrently with counts 1 and 2:  180 days on count 3 (misdemeanor Health & Saf. Code, § 11350); 180 days on count 4 (misdemeanor Health & Saf. Code, § 11364); 180 days on count 5 (misdemeanor Health & Saf. Code, § 11364); 180 days on count 6

7

(misdemeanor Health & Saf. Code, § 11364); 180 days on count 7 (misdemeanor § 530.5, subd. (e)); 180 days on count 8 (misdemeanor Health & Saf. Code, § 11364); and 180 days on count 9 (misdemeanor § 602.5, subd. (a)).[9]

The court imposed a restitution fine of $1,650, a parole revocation fine of $1,650, suspended, a $50 fine under Health and Safety Code section 11372.5, a $150 fine under Health and Safety Code section 11372.7, a $360 court operations assessment, and a $270 court facility assessment.

### 3. Aggregate Sentence

In case Nos. H052867 and H052870, the trial court imposed an aggregate prison sentence of six years four months with an additional consecutive term of 364 days in case No. 22CR003669 (as well as an additional consecutive term of 364 days for a fourth misdemeanor not at issue in these appeals, see fn. 9 *ante*) for a total sentence of eight years four months. The court informed Flores that he had waived his right to appeal the plea but retained the right to appeal his sentence.

The trial court also granted the People's motion to dismiss five pending cases.

### D. *Proceedings in this Court*

This court appointed appellate counsel for Flores and granted counsel's request that case Nos. H052867 and H052870 be considered together for briefing, oral argument, and disposition. On August 21, 2005, counsel filed in both appeals a *Wende* brief raising no specific issues. That same day, this

---

[9] The trial court also revoked and terminated probation in a fourth case (a violation of probation on a "wet reckless charge") not at issue in these appeals. The court imposed 89 days to be served concurrently and awarded 89 days of custody credits (45 actual and 44 good time/work time). The court ordered Flores to pay a previously suspended statute restitution fine of $150.

8

court notified Flores of his right to submit written argument on his own behalf. On September 16, 2025, appellate counsel filed a letter with this court conveying requests by Flores for an extension of time to file his own brief and for appointment of new appellate counsel. The letter did not provide any reasons for the request for new counsel.

On September 24, 2025, this court granted Flores an extension of 60 days in both appeals to submit his written argument. This court denied Flores's request for appointment of new appellate counsel without prejudice to renewal of the request accompanied by a showing of good cause. Flores neither renewed his request for new appellate counsel nor submitted any written argument to this court on his own behalf in either appeal within 60 days of this court's order.

## II. DISCUSSION

We have reviewed the records under *Wende, supra,* 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Having undertaken an examination of the entire record in both appeals, we find no arguable error that would result in a disposition more favorable to Flores. We therefore affirm the judgments.

## III. DISPOSITION

The judgments are affirmed.

9

_____

Danner, J.

WE CONCUR:

_____

Greenwood, P. J.

_____

Bromberg, J.

**H052867, H052870**
***People v. Flores***